IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JAN 12 PM 3: 48

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| ROBERT RICHMOND, DARREN THOMAS, CALVIN RANDLE, and JAMES E. NEESON,  Plaintiffs,  v.  JAMES DONALD, Commissioner; RON WHITAKER, Deputy Warden; FNU TINKER; FNU BROCK; FNU MORGAN; JOHN DOE COMPANY;  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CV 105-197

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

*Pro se* Plaintiffs, who are state inmates incarcerated at the Augusta State Medical

Prison, in Grovetown, Georgia, filed the instant complaint pursuant to 42 U.S.C. § 1983.

Plaintiffs seek leave to proceed *in forma pauperis* ("IFP").  (Doc. nos. 2-4).  Because

Plaintiffs' complaint was filed *in forma pauperis*, it must be screened to protect potential

defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).  Pleadings drafted by

*pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)

(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or

malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§

1915(e) & 1915A.

For the reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that

Plaintiffs be **DENIED** leave to proceed IFP, and that the captioned matter be **DISMISSED**

without prejudice so that Plaintiffs may pursue their claims individually.

## I.      BACKGROUND

Prisoner Plaintiffs are kidney dialysis patients who contend that they are receiving constitutionally deficient medical care at the Augusta State Medical Prison. (Doc. no. 1, pp. 8-22). Plaintiffs aver that their suit is brought as a "class action" on behalf of "all dialysis patients incarcerated . . . at the Augusta State Medical Prison." (Id. at 8). All four Plaintiffs have signed the complaint (id. at 26), and Plaintiffs Robert Richmond, Darren Thomas, and Calvin Randle have each filed motions for leave to proceed IFP. (Doc. nos. 2-4).

## II.     DISCUSSION

To put the matter succinctly, Plaintiff's group complaint is improper. First, it should be noted that "it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975); see also Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir.1972)(affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates). As the Fourth Circuit has aptly observed,

> An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) (holding that a pro se prisoner may not litigate the interests of other prisoners in class action). The reasoning behind this rule is two-fold: it protects the rights of those before the court, see id. ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"), and jealously guards the judiciary's authority to govern those who practice in its courtrooms, see Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir.1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims.").

2

Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005).  Simply put,

*pro se* Plaintiffs shall not be permitted to bring a class action on behalf of other prisoners.

See Fymbo v. State Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2002)(holding that a *pro se* litigant "cannot adequately represent [a] putative class").

More importantly, Plaintiffs' group complaint suffers from a more fundamental

problem. The procedures for filing and litigating prisoner civil rights suits in federal court

were significantly changed by the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-

134, 110 Stat. 1321, enacted on April 26, 1996. The PLRA requires all prisoners, even those

who are allowed to proceed IFP, to pay the filing fee of $250.00 in full. 28 U.S.C. §

1915(b)(1).[1]  The Eleventh Circuit has explained the mechanics of the PLRA's filing fee

provisions as follows:

> Specifically, § 1915(b) now requires that the prisoner pay an initial partial
> filing fee and complete the payment of the filing fee in accordance with the
> payment schedule set forth in § 1915(b)(2). Section 1915(b)(2) mandates that
> monthly payments of 20 percent of the preceding month's income credited
> to the prisoner's account must be forwarded by the agency having custody
> over the prisoner to the clerk of the court each time the amount in the account
> exceeds $10. This process is repeated "until the filing fees are paid." Id.
> Moreover, prisoners wishing to proceed IFP must execute an affidavit and
> file a certified copy of their prison trust account to demonstrate their
> impoverishment. 28 U.S.C. § 1915(a)(1)-(2). Finally, if a prisoner has filed
> three frivolous lawsuits, the PLRA revokes IFP privileges and requires the
> prisoner to pay the same filing fees that ordinary citizens must file upon the
> commencement of a suit. 28 U.S.C. § 1915(g).

Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001).  The purpose of the "modest

---

[1]On February 7, 2005, the filing fee changed from $150.00 to $250.00. See 28 U.S.C. § 1914(a), amended by the Consolidated Appropriations Act of 2005.

3

monetary outlay" of the PLRA's filing fee regime is to deter frivolous prisoner litigation by "forc[ing] prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).  The PLRA does not provide for or allow prisoners proceeding IFP to split the costs of filing a federal lawsuit by bringing a multi-plaintiff suit. Id.  Indeed, such a policy would defeat the purpose of the PLRA's filing fee regime.  Accordingly, multi-plaintiff IFP prisoner suits are properly dismissed so that each plaintiff may pursue a separate suit and thus be individually liable for the full filing fee. Id.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiffs be **DENIED** leave to proceed IFP, and that the captioned matter be **DISMISSED** without prejudice so that Plaintiffs may pursue individual complaints.

SO REPORTED and RECOMMENDED this 12th day of January, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4